UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ALEX YUBINE GOMEZ RODRIGUEZ,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

Case No. 5:26-cv-04236-FLA (SSC)

**ORDER ACCEPTING IN PART FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

## BACKGROUND

On July 29, 2026, Petitioner Alex Yubine Gomez Rodriguez ("Petitioner," A# 246-061-981) filed a Petition for Writ of *Habeas Corpus* ("Petition"), challenging his arrest and detention by U.S. Immigration and Customs Enforcement ("ICE"). Dkt. 1. Petitioner is a native and citizen of the Republic of El Salvador who entered the United States without inspection, in or around August 2005, and has been present in this country for over twenty years. *Id.* ¶¶ 10, 16. According to Plaintiff, he was taken into custody on or around June 30, 2026, after he was either detained by local law enforcement related to a traffic violation or by ICE during an enforcement encounter. *Id.* ¶¶ 1, 19.

Petitioner contends he has obtained a substantial and constitutionally protectable liberty interest in freedom from immigration detention, based on his "sustained, uninterrupted presence in the community following entry – even where that entry was without inspection," *id.* ¶¶ 2–4, and asserts two causes of action for violation of the Due Process Clause of the Fifth Amendment, based on his detention without an individualized bond hearing, *id.* at 51–54. Petitioner, thus, requests the court: (1) order Respondents not to remove Petitioner outside the jurisdiction of this court; (2) find Respondents have acted contrary to law and abused Petitioner's due process rights; (3) order Respondents to release Petitioner immediately; and (4) permanently enjoin and restrain Respondents "from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing," at which "the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present." *Id.* at 54–55.

On August 5, 2026, Respondents filed an Answer to the Petition, in which they state in relevant part: "Petitioner appears to be entitled to request and receive an initial

bond hearing pursuant to *Rodriguez Vazquez v. Bostock*, [183 F.4th 1160, 1165] (9th Cir. 2026) (finding 'that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of [8 U.S.C.] § 1226, not § 1225(b)(2)(A).')." Dkt. 7 at 2.

On August 18, 2026, the assigned Magistrate Judge issued a Report and Recommendation ("Report"), recommending the court order that Petitioner be released immediately from Respondents' custody unless he is provided with an individualized bond hearing before a neutral immigration judge, in accordance with § 1226(a), within seven days of the court's order. Dkt. 9 at 7. On August 20, 2026, Petitioner filed Objections to the Report ("Objections"), objecting to the recommendation of a bond hearing and requesting the court order his immediate release from custody instead. Dkt. 10 at 2–3. Respondents did not file objections to the Report.

## DISCUSSION

A writ of *habeas corpus* may be granted to any petitioner who demonstrates "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 474 (2004). The petitioner "bears the burden of demonstrating that he is in custody in violation of the Constitution or laws or treaties of the United States." *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1159 (S.D. Cal. 2025) (cleaned up).

"[H]abeas corpus is, at its core, an equitable remedy." *Schlup v. Delo*, 513 U.S. 298, 319 (1995). "Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require,'" and "a court has broad

discretion in conditioning a judgment granting habeas relief." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). "Federal courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court." *Id.*

Petitioner raises two primary objections to the Report. First, Petitioner objects to the recommended relief of an individualized bond hearing, and argues the court should order Respondents to release him immediately because the Report has found he is being held under a statute that does not authorize his detention. Dkt. 10 at 2–3, 5–23. In *Rodriguez Vazquez*, 183 F.4th at 1160, the Ninth Circuit held that aliens present without admission who are apprehended in the interior of the United States are entitled to an individualized bond hearing under § 1226(a). The Ninth Circuit did not find that such aliens are entitled to immediate release if they were detained pursuant to § 1225(b)(2)(A), as Petitioner seeks here. The court, therefore, OVERRULES Petitioner's objection and finds an individualized bond hearing is the appropriate remedy at the present time. *See Hilton*, 481 U.S. at 775.

Second, Petitioner argues that if the court is to order an individualized bond hearing, the court should require Respondents to bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is necessary because he presently poses a risk of flight or danger to the community. Dkt. 10 at 3–4, 23–29. Petitioner cites cases including *Sun v. Mullin*, Case No. 5:26-cv-02221-JWH (DMK), 2026 U.S. Dist. LEXIS 135167, at *1–2 (C.D. Cal. June 17, 2026), to argue due process requires Respondents to establish by clear and convincing evidence that continued detention is warranted, before an Immigration Judge may deny release. Dkt. 10 at 26. *Sun* does not support Petitioner's argument that the clear and convincing evidence standard applies here.

*Sun* involved a petitioner who had been charged previously as an arriving alien by U.S. Department of Homeland Security, inspected, and released into the United States, and who was in full compliance with his immigration obligations and had been

attending all immigration proceedings when he was arrested and re-detained. *Sun* does not stand for the proposition that due process requires the government to establish, by clear and convincing evidence, that the detention of an alien who has never been inspected by the government or authorized to be present in the United States is necessary before he or she can be arrested and detained in the first instance. Furthermore, *Sun* is an unpublished district court opinion that is only persuasive authority and not binding on this court.

In *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1210–12 (9th Cir. 2022), the Ninth Circuit rejected a *habeas* petitioner's argument "that he should not have borne the burden of proof at his initial bond hearing" and held due process does not require the government to justify the continued detention of an alien under the clear and convincing evidence standard of proof established previously by *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011).[1] Petitioner argues *Rodriguez Diaz* does not foreclose allocating the burden of proof to the government, but does not cite any binding authority to establish heightened procedural protections are warranted under the circumstances present here. *See* Dkt. 10 at 28–29.

The court, therefore, OVERRULES Petitioner's second objection and DENIES Petitioner's request for the court to require Respondents prove at the bond hearing, by clear and convincing evidence, that Petitioner's continued detention is necessary because he presently poses a risk of flight or danger to the community.

/ / /

---

[1] As the Ninth Circuit explained: "[T]he Supreme Court has been clear: [with respect to aliens and immigration detention,] the Constitution permits rules that would be unacceptable if applied to citizens. That established principle is particularly relevant here when the Supreme Court has also previously upheld immigration detention schemes that offered no opportunity for a bond hearing, much less one in which the government bore the burden of proof." *Rodriguez Diaz*, 53 F.4th at 1211 (citing *e.g.*, *Demore v. Kim*, 538 U.S. 510 (2003), and *Reno v. Flores*, 507 U.S. 292 (1993), internal quotation marks omitted).

## CONCLUSION

Pursuant to 28 U.S.C. § 636, the court has reviewed the Petition, the Report, Petitioner's Objections, and all relevant portions of the record. Having reviewed and considered *de novo* the portions of the Report to which Petitioner objects, the court agrees with the Magistrate Judge's recommendation and finds that ordering Respondents to provide Petitioner with an individualized bond hearing is appropriate for the reasons stated in the Report (Dkt. 9 at 5–6).

Accordingly, the court ACCEPTS and ADOPTS in part the findings and recommendations of the Report and ORDERS as follows:

1) Respondents shall release Petitioner Alex Yubine Gomez Rodriguez (A# 246-061-981) if Petitioner is not provided, within seven (7) dates from the docketing of this Order, an individualized bond hearing before a neutral immigration judge in accordance with 8 U.S.C. § 1226(a).
2) The parties shall file a joint status report within fourteen (14) days from the docketing of this Order, regarding Respondents' compliance with this Order and identifying the outcome of the bond hearing, if one was provided.
3) The court DECLINES to enter Judgment on the Petition at this time.

IT IS SO ORDERED.

Dated: September 4, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge